## SMITH ET AL. v. PETERS ET AL.

[No. 4,284.   Filed January 5, 1905.   Rehearing denied March 16,
1905.]

1. APPEAL AND ERROR.—*Term-time.—Parties.—How Named in Assignment of Errors.*—Term-time appeals, taken separately by several codefendants, in which each appellant makes his coparties below appellees, will be dismissed.

From Madison Circuit Court; *John F. McClure,* Judge.

Drainage petition by Edmon H. Peters, against which Micajah Smith and others remonstrate. From a decree for plaintiff, defendants appeal. *Appeal dismissed.*

*Byron McMahan, Kittinger & Diven* and *James A. Van Osdol,* for appellants.

*Bagot & Bagot,* for appellee Peters.

BLACK, J.—Edmon H. Peters filed his verified petition in 1898 for the tiling of an existing open public ditch, known as the Thomas B. Eaton ditch, running through lands described, in Madison county, established and ordered to be constructed in 1880, by the board of commissioners of that county, and completed under and by order of that board, and thereafter maintained pursuant to law; describing the lands assessed for the construction of the open ditch, and giving the names of the owners of such lands (the petitioner being one of them) and also setting forth the names of a number of alleged landowners, with descriptions of their benefited lands, to whom the county surveyor had made allotments for cleaning the ditch and keeping it in repair. Afterward the petitioner made proof of service of notice of the filing of such petition on a number of persons. In the course of the proceedings a number of remonstrances were filed—by Micajah Smith, William N. Smith, William Jeffrey and Morgan Sebrell, severally, and by James T. Smith, John F. Smith and Anna E. Smith, jointly. The

court, on motion of the petitioner, struck out these remonstrances, except as to a portion of the remonstrance of Micajah Smith, alleging that the work was not completed according to plans and specifications, as to which portion the motion to strike out was overruled, and upon this portion of the remonstrance of Micajah Smith a trial was had. The court overruled his motion for a new trial. The court also overruled a motion made by William N. Smith to set aside the order of the court and to modify the assessment as to his lands.

It was finally adjudged that Micajah Smith take nothing by his remonstrance, and the report of the drainage commissioners, apportioning the cost of the improvement against the lands assessed for the original construction of the ditch pro rata upon said assessment, was approved and confirmed, and the assessments therein made were adjudged to be a lien upon the respective lands therein set forth for the amount assessed against each tract as in said report set forth. The remonstrators, Micajah Smith, William N. Smith, James T. Smith, Anna E. Smith and John F. Smith, separately prayed an appeal to this court, which was granted, and an appeal bond was given for the appeal of Micajah Smith, another for the appeal of William N. Smith and another for the appeal of James T. Smith, Anna E. Smith and John F. Smith. Within the period prescribed for a term-time appeal, a transcript of the record was filed in this court, to which are attached three assignments of error and two cross-assignments of error. One assignment is made by Micajah Smith as sole appellant against Edmon H. Peters, William N. Smith, William Jeffrey, Morgan Sebrell, James T. Smith, John F. Smith and Anna E. Smith, and a large number of other persons. Another assignment is made by William N. Smith, as sole appellant against the persons made appellees in the assignment first mentioned, except himself, with the addition of Micajah Smith. Another assignment is made by Anna E.

Smith, James T. Smith and John F. Smith as the appellants against the persons, except themselves, made appellees in the first assignment, with the addition of Micajah Smith. One of the cross-assignments is made by William N. Smith under a title wherein the parties are named as "Micajah Smith, appellant, v. Edmon H. Peters et al., appellees." Under like title the other cross-assignment is made by Anna E. Smith, James T. Smith and John F. Smith.

1.    The judgment was in favor of the petitioner, and no judgment was rendered in favor of any party except the petitioner against any other party, and all those who have assigned errors or cross-errors were coparties as judgment defendants.    Under the statute (§647a Burns 1901, Acts 1895, p. 179) a part of any number of coparties against whom a judgment has been taken may have a term-time appeal, wherein it is not necessary to make parties to the appeal the other coparties not appealing from the judgment against them, or to name them either as appellants or as appellees in the assignment of errors; and, after such an appeal by a part of the coparties has been perfected, any other coparty not joining therein originally may assign errors for himself upon the record at any time while the appeal is pending, and within one year from the date of the final judgment.

It is manifestly contemplated that all who assign errors, whether originally or while the appeal is pending, shall not make their coparties appellees, but, that so far as any such coparties are named in the assignment of errors, they shall be named as appellants.    The assignment of errors being the complaint in this court, it should not name as appellees those against whom no relief on appeal is sought.    Here there were three appeal bonds, and the parties giving them, respectively, assigned errors separately on one transcript. They could not properly make each other appellees, for none of them sought any relief on appeal except as against the petitioner, and we could not sustain the assignment of any

one or more of them as against the others so assigning errors.

Counsel for appellee Edmon H. Peters have directed our attention to these anomalous assignments, and have insisted that because thereof the appeal should be dismissed. Without considering whether or not a proper mode of procedure was pursued in the court below, we can not regard either or all of the assignments of error as properly presenting any question for decision here.

Appeal dismissed.